UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| LIFESTAR RESPONSE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:05cv1013-F |
| | ) |
| MILDRED LEMUEL, individually | ) |
| and as purported | ) |
| Administratrix of the Estate | ) |
| of Darnell Eugene Lemuel, | ) |
| PEGGY JO LEMUEL, JACINTA | ) |
| LEMUEL BENDER and CYNDAL | ) |
| ANNETTE PROVENZANO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes Now, Lifestar Response Corporation, for its complaint against Mildred Lemuel, individually and as purported Administratrix of the Estate of Darnell Eugene Lemuel, Peggy Jo Lemuel, Jacinta Lemuel Bender and Cyndal Annette Provenzano alleges, on knowledge as to its own status and actions and otherwise upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment declaring that Lifestar Response Corporation is not liable, under a piercing the corporate veil theory or otherwise, for a $5,000,000 default judgment entered against its subsidiary.

367.1

## **THE PARTIES**

2. Plaintiff Lifestar Response Corporation ("Lifestar Response") is a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Lifestar Response is a holding company that owns a number of subsidiaries engaged in the businesses of medical transportation and healthcare logistics.

3. Defendant Mildred Lemuel is an United States citizen and a citizen of the State of Alabama. She claims to have been duly certified as executor of the Estate of Darnell Eugene Lemuel (the "Estate"), and has testified under oath that, at the time of his death on or about November 10, 2000, she had been "married" to Mr. Lemuel for "about 20 years."

4. Defendant Peggy Jo Lemuel is an United States citizen and a citizen of a State other than the States of Delaware or New Jersey. She claims that she, not Mildred Lemuel, was the "lawful widow" of Darnell Eugene Lemuel.

5. Defendants Jacinta Lemuel Bender and Cyndal Annette Provenzano are United States citizens and citizens of States other than the States of Delaware or New Jersey. Bender and Provenzano claim to be the "legitimate natural children" of the decedent.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim herein occurred in this district.

## THE SUBSTITUTION OF LIFESTAR ALABAMA AS A JUDGMENT DEBTOR TO THE DEFAULT JUDGMENT

8.      On or about November 7, 2002, Mildred Lemuel, in her individual capacity and as purported Administratrix of the Estate, commenced a wrongful death action (the "Wrongful Death Action") in the Circuit Court of Montgomery, Alabama (the "Circuit Court") against Care Ambulance of Alabama, Inc. ("Care Ambulance Inc."), which was alleged to have caused Lemuel's death in connection with its provision of emergency medical transportation services on or about November 8, 2000.

9.      At the time of the alleged incident, Care Ambulance Inc. existed as legal entity incorporated under the laws of Alabama, but pursuant to an Asset Purchase Agreement, the assets of Care Ambulance Inc. previously had been sold to Lifestar Response of Alabama, Inc., d/b/a Care Ambulance

367.1                                   3

("Lifestar Ala."), a corporation formed under the laws of Alabama for the purpose of acquiring the operating assets of Care Ambulance of Alabama, Inc. At all relevant times, Lifestar Ala. is and was a subsidiary of Lifestar Response.

10. The Summons and Complaint was served on Care at the business location then owned by Lifestar Ala. A former Care Ambulance, Inc., employee, Karen Robertson, then employed by Lifestar Ala., received the process on January 7, 2003. She did not read the process and did not recall what she did with the process. On May 16, 2003 the Circuit Court mailed notice of the May 28, 2003 hearing on damages for the default judgment to Care Ambulance, Inc. at Lifestar Ala.'s Montgomery address. Karen Robertson sent this hearing notice to Care Ambulance, Inc. in California.

11. Care Ambulance Inc. did not answer or otherwise respond to the complaint in the Wrongful Death Action, and, without the knowledge of Lifestar Ala., the Circuit Court conducted an *ex parte* hearing on damages at which evidence, now know to be false, was presented. On or about June 6, 2003, based upon this false evidence, the Circuit Court entered a $5,000,000 default judgment in favor of Ms. Lemuel and against Care Ambulance Inc.

12. On or about June 9, 2003, Ms. Lemuel, having learned that the assets of Care Ambulance Inc. had been sold to

367.1                                4

Lifestar Ala., which transported Mr. Lemuel to the hospital, filed a motion to amend the default judgment to add Lifestar Ala. as a defendant to the judgment.

13.  Admiral Insurance Company hired Bert Taylor to defend Lifestar Ala.; however, he failed to present available evidence, and on or about July 31, 2003, the Circuit Court issued an order (the "Order") directing the clerk of the court to substitute Lifestar Ala. for Care Ambulance Inc. on the $5,000,000 judgment (the "Default Judgment") that previously had been entered against Care Ambulance Inc. That Lifestar Ala. was added to the Default Judgment was the proximate result of legal malpractice committed by Bert Taylor the attorney appointed by Admiral, Lifestar Ala.'s primary insurance carrier, to represent Lifestar Ala.

14.  Lifestar Ala. appealed the Order to the Supreme Court of Alabama. On or about December 3, 2004, the Supreme Court of Alabama outlined the actions and omissions of Lifestar Ala.'s counsel which did not afford the court with a record on which to set aside the substitution Order or the Default Judgment. The Court was forced to affirm the Order, thereby rendering the Default Judgment a final judgment against Lifestar Ala.

15.  The Default Judgment remains fully outstanding. Mildred Lemuel, on her own behalf and behalf of

the Estate, has agreed to stay execution of the Default Judgment against Lifestar Ala., pending final resolution of ongoing insurance coverage actions concerning the obligation of Lifestar Ala.'s primary and excess insurance carriers to cover the Default Judgment. Both Lifestar Ala.'s primary and excess insurance carriers have denied any and all coverage for the Default Judgment.

16. On or about May 17, 2005, Peggy Jo Lemuel, Jacinta Lemuel Bender and Cyndal Annette Lemuel (the "Apparent Heirs") applied to the Circuit to intervene in the Wrongful Death Action. They alleged that Peggy Jo Lemuel "is the lawful widow of Darnell Eugene Lemuel"; Jacinta Lemuel Bender and Cyndal Annette Lemuel "are the legitimate natural children of Darnell Eugene Lemuel"; and thus each of them is "entitled to an intestate share of the damages recovered." The Apparent heirs desire "to secure prompt … recovery … from the judgment debtor or those other companies and entities who are or may be responsible to satisfy such judgment." The Circuit Court granted their application to intervene.

**THE CONTROVERSY CONCERNING LIFESTAR'S
<u>LIABILITY FOR THE DEFAULT JUDGMENT</u>**

17. With the Estate having agreed to stay execution of the Default Judgment against Lifestar Ala., and with Lifestar Ala.'s insurance carriers continuing to deny

367.1                                6

coverage in litigation, Mildred Lemuel and the Apparent Heirs have turned their sites to Lifestar Ala.'s parent company, Lifestar Response, as a source of recovery of the amounts due under the Default Judgment.

18. The respective attorneys for the Apparent Heirs and Ms. Lemuel, who are represented separately, have stated verbally and in the Apparent Heirs Motion to Intervene, that they intend to hold Lifestar Response liable for the Default Judgment, under theories of piercing the corporate veil, fraudulent conveyance or other creditor's remedies.

19. Lifestar Response has denied, and continues to deny, that it has any liability for the Default Judgment against its subsidiary Lifestar Ala. Lifestar Response has funded the operations of Lifestar Ala. Through shareholders loans and intercompany accounts. Lifestar Ala. Has provided Ms. Lemuel and the Apparent Heirs with financial records that demonstrate that Lifestar Ala., and not Lifestar Response, was the beneficiary of intercompany transactions; and yet Ms. Lemuel and the Apparent Heirs have continued to threaten suit.

20. The threat of the Apparent Heirs and Ms. Lemuel to assert creditors' remedies against Lifestar Response in order to collect the $5,000,000 Default Judgment is harming Lifestar Response and its relationships with lenders and investors. Accordingly, by this action, Lifestar Response seeks

a resolution of this controversy, declaring that Lifestar Response has no liability for the Default Judgment entered against its subsidiary.

## COUNT ONE
## FOR DECLARATORY RELIEF

21.   Due to the existence of intercompany transactions that are the subject of an accounting (which will demonstrate no commingling of assets and no misuse of Lifestar Ala.) a justiciable controversy exists as to whether Lifestar Response can be held liable, under a theory of piercing the corporate veil, fraudulent conveyance or other creditors' remedy, for the $5,000,000 Default Judgment entered against its subsidiary, Lifestar Ala.

22.   Lifestar Response is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that it is not liable for the Default Judgment or any amount of it.

WHEREFORE, premises considered, Lifestar Response demands judgment against Mildred Lemuel, individually and as purported Administratrix of the Estate of Darnell Eugene Lemuel, Peggy Jo Lemuel, Jacinta Lemuel Bender and Cyndal Annette Provenzano declaring that Lifestar Response is not liable for any amount of the Default Judgment. Lifestar Response requests such other and further relief as this Court deems just and appropriate.

                                    Respectfully submitted,

                                    *Ryan K. Cochran*
                                    David B. Anderson
                                    Ryan K. Cochran
                                    Attorneys for Plaintiff Lifestar
                                    Response Corporation

OF COUNSEL:

WALLER LANSDEN DORTCH & DAVIS, LLC
AmSouth/Harbert Plaza
1901 Sixth Avenue North, Suite 1900
P.O. Box 830642
Birmingham, AL 35203
Telephone: (205) 214-6380
Facsimile: (205) 214-8787

-and-

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
Adam C. Silverstein
437 Madison Avenue
New York, New York 10022
Telephone: (212) 907-7300


**PLAINTIFF'S ADDRESS:**

LIFESTAR RESPONSE CORPORATION
Adamo Medical Building
657 Union Boulevard
Totowa, New Jersey 07512


SERVE DEFENDANTS
BY PERSONAL SERVICE:

Mildred Lemuel, individually and
  as purported Administratrix of
  the Estate of Darnell Eugene Lemuel
c/o Timothy C. Halstrom
Attorney at Law
4170 Lomac Street
Montgomery, AL  36106

Peggy Jo Lemuel
c/o Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL  36101

Jacinta Lemuel Bender
c/o Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL  36101

Cyndal Annette Provenzano
c/o Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL  36101