IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LIFESTAR RESPONSE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  CV-05-F-1013-N |
| | ) | |
| MILDRED LEMUEL, individually and as purported Aministratix of the Estate of Darnell Eugene Lemuel, PEGGY JO LEMUEL, JACINTA LEMUEL BENDER and CYNDAL ANNETTE PROVENZANO | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Peggy Jo Lemuel, Jacinta Lemuel Bender and Cyndal Annette Prevenzano (collectively "the heir Defendants") and hereby submit this brief in support of their Motion to Dismiss, and show as follows:

**INTRODUCTION**

As related by Lifestar Response Corporation ("Lifestar Response") in its Complaint, a judgment was rendered against Lifestar Response of Alabama, Inc. ("Lifestar Alabama") in the Circuit Court of Montgomery County, Alabama arising from the wrongful death of Darnell Eugene Lemuel.  Complaint, ¶14.  "At all relevant times, Lifestar Ala. is and was a subsidiary of Lifestar Response."  Complaint, ¶9.  The judgment against Lifestar Alabama has been affirmed by the Alabama Supreme Court and remains fully outstanding.  Complaint, ¶15.

Pursuant to the judgment, there are pending post-judgment proceedings in the

Circuit Court of Montgomery County, Alabama.  All parties are present before the

Alabama Court.  Thus, the Circuit Court of Montgomery County has proper jurisdiction

over anything related to the judgment or the collection.  Complaint, ¶¶ 17-20.

## ARGUMENT

For any number of reasons, the present declaratory judgment action filed by

Lifestar Response is improper.  A declaratory action "must present a justiciable

controversy as distinguished from a difference or dispute of a hypothetical or abstract

character."  Public Service Comm. Of Utah, et al. V. Wycoff Co., Inc. 344 U.S. 237, 242

(1952) (internal citations omitted).

> The controversy must be definite and concrete, touching the legal relations
> of parties having adverse legal interests. * * * It must be a real and
> substantial controversy admitting of specific relief through a decree of a
> conclusive character, as distinguished from an opinion advising what the
> law would be upon a hypothetical state of facts.  The relief is available
> only for a concrete case admitting of an immediate and definite
> determination of the legal rights of the parties.  Id quoting Aetna Life
> Insurance Co. v. Haworth, 300 U.S. 227, 240-241 (1937).

Lifestar Response is attempting to use the Declaratory Judgment Act to stifle the

proper collection of the Judgment rendered against its alter-ego, Lifestar Alabama.

Specifically, Lifestar Response presents an abstract question as to the relationship

between it and its subsidiary, when it is apparent that the Judgment is already collectible

against Lifestar Response.  This is not a proper justiciable controversy and the Complaint

does not state a proper claim pursuant to 28 U.S.C. § 2201.  Thus, this Court is without

jurisdiction, and therefore, the Complaint should be dismissed pursuant to F.R.C.P. Rules

12 (b) (1) and (6).

2

Furthermore, "[i]t is not the purpose of the Declaratory Judgment Act to allow disputes arising in the course of state court litigation to be argued in the federal courts instead." Shell Oil Co. v. Frusetta, 290 F.2d 689, 692 (9th Cir. 1963). The object of the declaratory judgment act is to afford a new form of relief where needed, not to afford a new choice of forum or to ask federal courts to adjudicate causes which are properly being adjudicated by state courts. See National Cancer Hospital of America v. Webster, 251 F.2d 466, 468 (2nd Cir. 1988). Post judgment proceedings are currently ongoing in the Alabama court. In this declaratory judgment action, Lifestar Response is simply attempting to evade the jurisdiction of the Alabama court in hopes that it might get a more favorable, or even a conflicting resolution, from any ruling made by the Alabama court. The Declaratory Judgment Act does not allow this type of maneuver, and this Court should dismiss the Complaint pursuant to Rules 12 (b) (1) and (6).

## CONCLUSION

Unquestionably, the declaratory judgment complaint filed by Lifestar Response is an improper use of the declaratory judgment act. The declaratory judgment act does not allow forum shopping in the middle of ongoing state court jurisdiction, nor does it allow a party to seek a ruling from a federal court on a hypothetical or abstract issue relating to the party's relationship to its subsidiary. Consequently, Plaintiff's Complaint is due to be dismissed.

WHEREFORE, Defendants Peggy Jo Lemuel, Jacinta Lemuel Bender and Cyndal Annette Prevenzano pray that the Court will grant the Motion to Dismiss and dismiss the Complaint filed by Plaintiff Lifestar Response Corporation in its entirety.

s/ C. Nelson Gill
Richard H. Gill (GIL007)
John A, Henig, Jr. (HEN019)
C. Nelson Gill (GIL055)

*Attorneys for Defendants
Peggy Jo Lemuel, Jacinta Lemuel
Bender and Cyndal Annette
Prevenzano*

OF COUNSEL:

COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
P. O. Box 347
Montgomery, AL  36101-0347
Phone:  334/834-1180
Fax:  334/834-3172

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **David B. Anderson**
  david.anderson@wallerlaw.com linda.callahan@wallerlaw.com

- **Ryan K. Cochran**
  ryan.cochran@wallerlaw.com suzanne.wallace@wallerlaw.com

and a copy of same, by First Class, U.S. Mail, postage prepaid, to the following:

Timothy C. Halstrom
Attorney at Law
4170 Lomac Street
Montgomery, AL 36106

Adam C. Silverstein
Goldenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022

<u>s/ C. Nelson Gill</u>
C. Nelson Gill (GIL055)